**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 31, 2017

LETTER TO COUNSEL

      RE:   *Kevin Howard Griffin v. Commissioner, Social Security Administration*;
             Civil No. SAG-16-274

Dear Counsel:

      On January 31, 2016, Plaintiff Kevin Howard Griffin petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Griffin's two motions to add new and material evidence to the record. (ECF Nos. 16, 17, 21, 22). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. Griffin's motions, deny the Commissioner's motion, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Mr. Griffin filed his claim for benefits in December, 2014, alleging a disability onset date of October 10, 2014. (Tr. 153-59). His claim was denied initially and on reconsideration. (Tr. 90-93, 96-97). A hearing was held on October 1, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 28-62). Following the hearing, the ALJ determined that Mr. Griffin was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10-27). The Appeals Council denied Mr. Griffin's request for review. (Tr. 2-5). Thus, the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Mr. Griffin suffered from the severe impairments of bipolar disorder, posttraumatic stress disorder, meniscal tear of the left knee, and depression. (Tr. 15). Despite these impairments, the ALJ determined that Mr. Griffin retained the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 404.1567(c) except he cannot lift more than 50 pounds; he cannot have direct interaction with the general public; and he cannot perform complex tasks." (Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Griffin could perform his past relevant work as a "tractor-trailer shuttle driver" and that, therefore, he was not disabled. (Tr. 22).

      Mr. Griffin advances several arguments on appeal. Specifically, Mr. Griffin contends that: (1) the ALJ should have found his neck and back pain to be a severe impairment; (2) the

ALJ engaged in an improper analysis of Listings 12.04 and 12.06; (3) the ALJ failed to properly evaluate Mr. Griffin's credibility; (4) the ALJ failed to properly evaluate the medical opinions of Mr. Griffin's treating physicians; (5) the ALJ erred in failing to request sufficient testimony from the VE; and (6) the ALJ did not assign appropriate weight to Mr. Griffin's disability finding from the Veteran's Administration ("VA"). Mr. Griffin also argues that new and material evidence justifies remand to the Commissioner. Although most of Mr. Griffin's arguments lack merit, as described below, I concur that the ALJ erred in his Step Four analysis and his use of the VE testimony. Accordingly, remand is warranted.

Beginning with the unsuccessful arguments, Mr. Griffin first contends that the ALJ should have found his neck and back pain to constitute a severe impairment at Step Two. Pl. Mot. 8-9. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *Johnson v. Astrue*, Civil Action No. PWG–10–3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). Here, the ALJ expressly considered Mr. Griffin's complaints of "neck and shoulder pain," but found no indication of treatment in the record.[1] (Tr. 16). In addition, as the ALJ noted, Mr. Griffin was physically capable of working and only stopped working as a result of other issues in 2014. (Tr. 20). Moreover, even if I were to agree that the ALJ erred in his evaluation of Mr. Griffin's neck and back pain at Step Two, such error would be harmless. Because Mr. Griffin made the threshold showing that other impairments were severe, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Griffin's ability to work. See 20 C.F.R. § 404.1523;  1996 WL 374184, *5 (1996) (stating that "in assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

Next, Mr. Griffin argues that the ALJ did not adequately consider Listings 12.04 and 12.06. Pl. Mot. 9-12. In this argument, Mr. Griffin essentially asks this Court to reweigh the evidence presented to the ALJ. However, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). For example, Mr. Griffin argues that his hospitalization in 2014 constituted an episode of decompensation for purposes of the Listing. However, even a single episode of decompensation would not change the overall analysis, since the Listings require repeated episodes of decompensation, each of extended duration. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04, 12.06. Regardless, even though Mr. Griffin might also point to evidence to support his viewpoint, this Court may not credit certain evidence over the evidence relied upon by the ALJ. In this particular case, I acknowledge that there is evidence to support both viewpoints, because, for example, Mr. Griffin gave contradictory testimony about his activities and conduct at his hearing. *Compare* (Tr. 36-37) (testimony that he drives to his mother's house to help her "every day, seven days a week – 18 miles one way") *with* (Tr. 44-45) (testimony that he is medically

---

[1] Although Mr. Griffin submitted some additional neck and back treatment records to this Court, in the absence of good cause for the failure to submit them at the administrative level, this Court cannot consider the records in the first instance. *See Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985).

unable to go to his mother's house "three days a week, four days a week"). Because the ALJ supported his conclusion with substantial evidence, there is no basis for reweighing his conclusions.

Similarly, Mr. Griffin contends that the ALJ should have assigned more weight to the opinions of the non-examining State agency physicians, because those physicians recommended RFCs that were more restrictive than that arrived at by the ALJ. Pl. Mot. 10, n. 6. Again, Mr. Griffin sets forth an argument that the Court should reweigh the evidence, which it is not entitled to do. Moreover, even if the opinions of the State agency physicians were accepted, no listing would be met.

Mr. Griffin also argues that the ALJ failed to properly evaluate his credibility. Pl. Mot. 12-15. Specifically, he believes the ALJ erred by failing to "provide any proper rationale as to why he did not find [Mr. Griffin's] statements concerning the intensity, persistence, and limiting effects of these symptoms credible." Pl. Mot. 13. "In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians…and any other relevant evidence in the case record." SSR 96-7P, 1996 WL 374186, at *1 (S.S.A. July 2, 1996). Contrary to Mr. Griffin's assertion, the ALJ properly evaluated his credibility. Notably, the ALJ found that Mr. Griffin's allegations of disability were not fully credible, noting that "[w]hile there is evidence of an exacerbation of symptoms that occurred in October 2014, he subsequently received treatment and there is evidence of improvement. His resulting symptoms therefore do not prevent him from performing all work-related activities." (Tr. 19). Specifically, the ALJ noted that mental health treatment records showed improvement from medication and largely normal evaluations once regular medication was established. *Id.* The ALJ also reviewed physical medical records, including objective testing, and found few treatment records to establish serious impairment. (Tr. 20). The ALJ further relied on Mr. Griffin's daily activities, which involved driving a significant round trip distance almost every day to assist his mother, working on his mother's farm, and working part time as a dump truck driver. *Id.* Finally, the ALJ evaluated the medical evidence of record and assigned "great weight" to the opinion of the psychological consultants. Ultimately, the ALJ's detailed evaluation of the record evidence amply supports the ALJ's conclusion that Mr. Griffin's alleged limitations were not entirely credible. While Mr. Griffin is able to point to other evidence in the record that might support the opposite conclusion, as noted above, this Court is not supposed to reweigh the evidence, but must defer to the ALJ's conclusion if supported by substantial evidence. Thus, contrary to Mr. Griffin's argument, the ALJ properly evaluated Mr. Griffin's credibility, and supported his findings with substantial evidence.

Next, Mr. Griffin argues that the ALJ assigned inadequate weight to the opinions of various medical sources, including treating VA doctors and the non-treating State agency

*Kevin Howard Griffin v. Commissioner, Social Security Administration*
Civil No. SAG-16-274
January 31, 2017
Page 4

consultants.[2] Pl. Mot. 15-16. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. § 404.1527(d)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6). The ALJ must also consider, and is entitled to rely on, opinions from non-treating doctors. *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.").

Here, in asking this Court to assign different amounts of weight to the medical sources, Mr. Griffin is again asking this Court to reweigh the evidence considered and discussed by the ALJ. Mr. Griffin also suggests that the ALJ's RFC assessment is invalid because it is unsupported by any particular expert's medical opinion. However, this Court has held repeatedly that an ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC. Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a) (3); *see also Felton–Miller v. Astrue,* 459 F. App'x 226, 230–31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion to back a particular RFC, but should base an individual's RFC on all available evidence). Accordingly, there is no evident error in the ALJ's evaluation of the medical opinion evidence.

Mr. Griffin also contends that the ALJ did not meaningfully consider or assign weight to the VA disability ratings, in violation of *Bird v. Commissioner*, 699 F.3d 337, 343 (4th Cir. 2012). However, the ALJ fully considered the VA disability ratings, even citing the relevant

---

[2] Actually, Mr. Griffin makes directly contradictory arguments, in one sentence saying that the ALJ failed "to give proper weight to the opinions of the treating physicians over those of the less-qualified State Agency Consultants, in violation of the treating physician's rule[,]" while in the next sentence asserting that the ALJ "gave little or no weight to not only the medical Source Statement opinions of the VA doctors…but also the opinions of the non-treating State Agency Consultants." Pl. Mot. 15. Having just reviewed three other appeals filed by the same attorney, the inconsistency appears to result from use of a "form brief" containing a long list of arguments, without adequate consideration as to whether each argument is applicable as written or persuasive in a given situation. *See, e.g.*, *Walters v. Colvin*, No. 16-415-SAG, ECF No. 15 at 17 (D. Md. 2016); *Brown v. Comm'r, Soc. Sec.,* No. 16-501-SAG, ECF No. 16 at 16 (D. Md. 2016); *Longshore v. Colvin,* No. 16-223-SAG, ECF No. 16 at 16 (D. Md. 2016). Although counsel does incorporate the facts of each client's matter within his standard form brief, and has succeeded on achieving remand of these four clients' cases, presenting the Court with a lengthy set of identical arguments to address in an identical order in each case simply expends judicial resources and does not benefit the clients, because the meritorious arguments can get buried in the arguments that are less compelling. Counsel is encouraged to look at each potential contention more critically prior to reverting to the same list of boilerplate arguments, and to highlight up front the most persuasive arguments in each particular case.

standards from *Bird* in the detailed discussion (Tr. 22). As the ALJ explained, although the VE assigned Mr. Griffin a 70 percent disability rating in 2011, Mr. Griffin performed substantial gainful employment for several years despite that rating, and was able to apply for and obtain new positions. *Id.* Accordingly, the ALJ adequately explained his decisions for assigning the VA disability ratings little weight, and there is no violation of *Bird*.

In his final unsuccessful argument, Mr. Griffin proffers, in two separate motions, that this Court should remand his case for consideration of "new and material evidence." With those two motions he submitted voluminous medical records, largely consisting of treatment notes from his VA physicians both predating and postdating the ALJ's opinion. I concur with the Commissioner that Mr. Griffin has not offered good cause for his failure to submit the records predating the administrative hearing to the ALJ during the administrative process, or to the Appeals Council thereafter. Mr. Griffin simply alleges that the records were "not available," (ECF No. 17 at ¶ 2), without citing any reason the records could not have been obtained at an earlier time. As a result, I cannot review those records as new and material evidence. *See* 42 U.S.C.A. § 405(g); *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (superseded by amendment to statute) (requiring a claimant seeking remand to show "good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner."). As for the medical records generated after the administrative proceedings, Mr. Griffin has not established that the records were material, in that the Commissioner's decision "might reasonably have been different." *Borders*, 777 F.2d at 956. The VA records postdating the ALJ's decision, both medical and psychiatric, are generally consistent with the records predating the ALJ's decision. The new records do show that Mr. Griffin had knee surgery in January, 2016, but the ALJ had already considered the fact that Mr. Griffin had been recommended for arthroscopic knee surgery. (Tr. 20). Finally, the November 21, 2016 letter regarding Mr. Griffin's diagnosis of Posttraumatic Stress Disorder ("PTSD") and assignment of a service dog does not provide any information that might be helpful to the Commissioner. (ECF No. 22). The letter does not indicate when the service dog was assigned, or what qualifications are considered in assigning a service dog to a veteran with PTSD. *Id.* Absent any such information, nothing about that letter reasonably might have changed the Commissioner's decision, since the ALJ already considered Mr. Griffin's PTSD to be a severe impairment. *See* (Tr. 19) ("There is no question that the claimant has a history of symptoms related to his PTSD, and that those symptoms cause him some functional limitations."). In the absence of evidence that the records reasonably might alter the ALJ's analysis, the records do not constitute "new and material evidence." However, since this case is being remanded on other grounds, Mr. Griffin may have an opportunity to add the additional information to the administrative record.

Turning to the successful argument, Mr. Griffin argues that the ALJ's inquiry regarding Mr. Griffin's past relevant work at Step Four was inadequate. Notably, the ALJ determined that Mr. Griffin could perform his past relevant work as a "tractor-trailer shuttle driver," and found that he could perform it "as generally performed." (Tr. 22). However, the Dictionary of Occupational Titles ("DOT") does not appear to have a position described as a "tractor-trailer shuttle driver," and the ALJ did not request any VE testimony or DOT number to ascertain how that job is generally performed. In finding that Mr. Griffin could be a "tractor-trailer shuttle

*Kevin Howard Griffin v. Commissioner, Social Security Administration*
Civil No. SAG-16-274
January 31, 2017
Page 6

driver," the ALJ states, "the claimant has past relevant work as a tractor-trailer driver and shuttle driver, both defined as medium, semi-skilled work." (Tr. 22). However, there is no evidence that Mr. Griffin held two different driving jobs. Indeed, his only driving job was as a "doubles driver" in which he shuttled double trailers and hooked and unhooked the trailers "at proper locations throughout state of MD." (Tr. 207). In that position, he did not do any lifting due to his medical restrictions. *Id.* Again, though, it is unclear what precise past relevant work the ALJ believed Mr. Griffin capable of performing and what the duties of that job would be "as generally performed."[3] Without that information, I am unable to assess whether the ALJ's conclusion that Mr. Griffin could perform that work is supported by substantial evidence. Remand is therefore appropriate for further explanation. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Griffin was not entitled to benefits is correct or incorrect.

For the reasons set forth herein, Mr. Griffin's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 21) is DENIED. Mr. Griffin's two Motions for Leave of Court to Add New and Material Exhibits are DENIED. (ECF Nos. 17, 22). Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[3] The RFC assessment also limited Mr. Griffin from performance of "complex tasks," (Tr. 17), and the ALJ provides no analysis or evidence to establish whether a "tractor-trailer shuttle driver" has to perform any such tasks. The ALJ did not even ask the VE whether Mr. Griffin was capable of his past relevant work.